IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN L. ANGNEY and GINA
GIAMPIETRO-ANGNEY ,

                Plaintiff(s),

    v.

ANTONIO C. DIMARCO an individual, a/k/a
SAMUEL RICHARD SEKEL, II, ET AL.,

                Defendant(s).

09cv0192

**ELECTRONICALLY FILED**

## ORDER REQUIRING RICO STATEMENT

Count 10 of plaintiffs' Complaint sets forth a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.  Complaint (doc. no. 1), ¶¶ 106-117.  Pursuant to Local Rule of Civil Procedure LR 16.1.2D, the Court will require plaintiffs to file a RICO case statement.

Accordingly, on or before August 4, 2009, plaintiffs shall file a RICO case statement which shall set forth those facts upon which plaintiffs relied to initiate the RICO claim as a result of the "reasonable inquiry" required by Fed. R. Civ. P. 11.  The statement shall be in paragraph form corresponding by number and letter to the paragraphs and subparagraphs appearing below, and shall provide in detail and with specificity the information required by this Order.

1.  State whether the alleged unlawful conduct is in violation of any or all of the provisions of 18 U.S.C. §§ 1962(a), (b), (c) or (d).

2.  List each defendant and state the alleged misconduct and basis of liability of each defendant.

3.  List alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each.

4.  List the alleged victims and state how each victim has been allegedly injured.

5.  Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim.  The description of the pattern of racketeering shall include the following information:

a.  A list of the alleged predicate acts and the specific statutes which were allegedly violated;

b.  The date of each predicate act, the participants in each such predicate act and the relevant facts surrounding each such predicate act;

c.  The time, place and contents of each alleged misrepresentation, the identity of persons by whom and to whom such alleged misrepresentation was made and if the predicate act was an offense of wire fraud, mail fraud or fraud in the sale of securities.  The "circumstances constituting fraud or mistake" shall be stated with particularity as provided by Fed. R. Civ. P. 9(b);

d.  Whether there has been a criminal conviction for violation of any predicate act and, if so, a description of each such act;

e.  Whether civil litigation has resulted in a judgment in regard to any predicate act and, if so, a description of each such act;

f.  A description of how the predicate acts form a "pattern of racketeering activity".

6.  State whether the alleged predicate acts referred to above relate to each other as part of a common plan, and, if so, describe in detail the alleged enterprise for each RICO claim.  A

2

description of the enterprise shall include the following information:

a.  The names of each individual partnership, corporation, association or other legal entity which allegedly constitute the enterprise;

b.  A description of the structure, purpose, function and course of conduct of the enterprise;

c.  Whether each defendant is an employee, officer or director of the alleged enterprise;

d.  Whether each defendant is associated with the alleged enterprise;

e.  Whether it is alleged that each defendant is an individual or entity separate from the alleged enterprise, or that such defendant is the enterprise itself, or a member of the enterprise; and

f.  If any defendant is alleged to be the enterprise itself, or a member of the enterprise, an explanation whether each such defendant is a perpetrator, passive instrument or victim of the alleged racketeering activity.

7.  State and describe in detail whether it is alleged that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8.  Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity.  Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9.  Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10.  Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11.  If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

    a.  The recipient of the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

    b.  A description of the use or investment of such income.

12.  If the complaint alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13.  If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

    a.  The identity of each person or entity employed by, or associated with, the enterprise and

    b.  Whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

14.  If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15.  Describe the alleged injury to business or property.

16.  Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17.  List the damages sustained by each plaintiff for which each defendant is allegedly liable.

18.  List all other federal causes of action, if any, and provide the relevant statute numbers.

4

19.  List all pendent state claims, if any.


20.  Provide any additional relevant information that would be helpful to the court in processing the RICO claim.



SO ORDERED this 23rd day of July, 2009.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:  All counsel of record